IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES BRUNNER | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| GN BANK | ) |
| Serve registered agent at: | ) |
| Mark Schifferdecker | ) |
| 100 E. Forest Ave. | ) |
| Girard, KS 66743 | ) JURY TRIAL DEMANDED |
| | ) |
| and | ) |
| | ) |
| GN BANKSHARES, INC. | ) |
| Serve registered agent at: | ) |
| Mark Schifferdecker | ) |
| 100 E. Forest Ave. | ) |
| Girard, KS 66743 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Charles Brunner ("Plaintiff"), by and through his undersigned counsel and for his Complaint for Damages against Defendant GN Bank and Defendant GN Bankshares, Inc. (together "Defendants") states and alleges as follows:

## PARTIES

1. Plaintiff is a citizen of the United States, residing in Brown County, Kansas and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); the Age Discrimination Act, 29 U.S.C. § 621 *et seq*. ("ADEA"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*. ("Title VII").

1

2. Defendant GN Bank is a for-profit Bank, headquartered in Girard, KS located at 100 E. Forrest Ave, Girard, KS 66743.

3. Defendant GN Bankshares, Inc. is a for-profit corporation registered in and in good standing with the State of Kansas.

4. Defendant GN Bank is a subsidiary of Defendant GN Bankshares, Inc.

5. At all times pertinent to this Complaint for Damages, Defendant GN Bank was an employer under the ADA, the ADEA, and Title VII.

6. At all times pertinent to this Complaint for Damages, Defendants GN Bankshares, Inc. was an employer under the ADA, the ADEA, and Title VII.

7. This is an employment discrimination and retaliation lawsuit based upon and arising under the ADA, ADEA, and Title VII.

**JURISDICTION AND VENUE**

8. All of the unlawful acts and practices set forth below were committed within Brown County, Kansas.

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and has personal jurisdiction over all of the Defendants in this case. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e–5(f)(3).

**EXHAUSTION OF ADMINISTRATIVE PROCEDURES**

10. On or about November 19, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was dually filed with the Kansas Human Rights Commission (KHRC) against Defendant, alleging discrimination due to

disability, age, sex, and retaliation. The Charge of Discrimination is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

11. On or about February 26, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the EEOC's Notice of Right to Sue. The Notice of Right to Sue for Plaintiff is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein.

12. The aforesaid Charge of Discrimination provided the KHRC and EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

13. Plaintiff has exhausted all of his administrative remedies and has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

## **BACKGROUND**

14. Plaintiff has a disability, a neurological condition which affects his major life activities, including, but not limited to, working and self-care.

15. Plaintiff's neurological condition affects his ability to speak, causes extreme lightheadedness, temporary visual abnormalities, difficulty swallowing, and a diminished capacity to respond to his surroundings and circumstances.

16. Plaintiff has also been diagnosed with coronary artery disease, Attention Deficit Disorder, dyslipidemia, and hypertension.

17. Plaintiff is a gay male and fails to conform to sex stereotypes.

18. Plaintiff is 63 years old and was 62 years old at the time of his termination.

19. Plaintiff was employed at Defendants' Hiawatha, Kansas branch, where he began his employment on or around March 28, 2019.

20. Plaintiff began his employment with Defendants as a Customer Relations Specialist but was told he would become a Customer Relations Officer and Plaintiff expected to transition to this position.

21. Plaintiff was never given the title or position of Customer Relations Officer as promised at his time of hire.

22. Plaintiff was subjected to discrimination for the duration of his job.

23. From the beginning of Plaintiff's employment, Plaintiff was treated in a hostile manner by Morgan Pralle ("Pralle"), Defendants' Loan Officer, who was under 30, because of his age, sex, disability, and nonconformity to sex stereotypes.

24. Pralle was extremely opposed to Plaintiff being hired.

25. Pralle stated that Plaintiff was too old to do the job.

26. On or around October 22, 2019, Pralle made a comment about another employee's dog being released from the pound saying the dog was "gay for the stay."

27. Pralle apologized to Plaintiff for the comment but was never disciplined.

28. On or around October 23, 2019, Pralle made more comments that Plaintiff was too old for his job and made fun of Plaintiff's disability, saying he could not even speak, referring to when he was having an attack.

29. In or around November 2019, Plaintiff had a neurological attack related to his disability that Sheryl Callison ("Callison"), the head of Defendant's Human Resources, witnessed.

30. In or around November or December 2019, Plaintiff received a yearly survey from Defendants, inquiring if he had suffered any discrimination.

31. Plaintiff worried that he would be retaliated against if he reported the discrimination he had been suffering on the survey so he first spoke with Callison in Human Resources about it.

32. Plaintiff reported to Callison the discrimination he had endured, and Callison told Plaintiff to report what he felt was necessary.

33. Plaintiff then completed the survey, reporting he had suffered from age discrimination and disability discrimination.

34. A few days after Plaintiff submitted his complaint, he was called into a meeting with Callison and Tom Kidwell ("Kidwell"), Defendants' Branch President.

35. Kidwell was extremely angry at Plaintiff about his report of discrimination.

36. Callison told Plaintiff that Kidwell would handle the complaint and that Plaintiff could not talk about it to anyone else.

37. Plaintiff never heard anything else about the complaint.

38. On or around May 28, 2020, Plaintiff was given an unsatisfactory review and put on a 30-day probation period, at the end of which his performance would be reviewed.

39. Upon information and belief, Plaintiff was disciplined in retaliation for complaining of discrimination.

40. After the 30-day probation period, the Defendants' Branch Vice President, Troy Boswell, stated that Plaintiff was doing a great job and as far he was concerned, the unsatisfactory review was "bullshit," indicating he did not believe that Plaintiff's performance had been unsatisfactory.

41. Despite this and promises that Plaintiff would be promoted to Customer Relations Officer, Plaintiff was still not promoted.

42. In or around May 2020, Kidwell made a comment that he needed to get some "young blood" into the bank.

43. In or around June 2020, Kidwell hired a younger employee, Reed Lobdell, who he referred to as a young "Christian man" with a "nice wife."

44. In or around July 2020, Kidwell hired another young employee, Marcela Chadwell ("Chadwell"), as a teller.

45. On or around August 10, 2020, Chadwell was promoted to the Customer Relations Specialist, which was Plaintiff's position.

46. On or around September 11, 2020, Plaintiff was notified that his job and position were being eliminated due to COVID-19.

47. Defendants discriminated against Plaintiff, harassed him, failed to promote him, and terminated him because of his age, sex, and disability and Defendant retaliated against Plaintiff because of his complaints of discrimination.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

48. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

49. Defendants are employers under the ADA.

50. Plaintiff was disabled, as defined by the ADA, at all relevant times herein and/or Defendants regarded Plaintiff as being disabled.

51. Specifically, Plaintiff suffers medical conditions which substantially limit his major life activities, including self-care, and working, as well as the operation of one or more of his major

6

body functions. At all relevant times, including prior to Plaintiff's termination, Defendants was aware that Plaintiff had a record of having such impairments.

52. Plaintiff is a qualified individual as defined by the ADA, due to his disability and/or Defendants' perception that Plaintiff is disabled.

53. Plaintiff could perform the essential function of his job duties with Defendants with or without reasonable accommodation.

54 Defendants unlawfully and intentionally discriminated against Plaintiff based on his disability and/or because they regarded him as disabled, and acted in bad faith by interfering with, recklessly disregarding, and denying his legal rights when they terminated Plaintiff's employment.

55. Defendants' actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

56. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

57. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

58. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

59. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

60. Plaintiff is disabled and/or Defendants regarded him as being disabled, as defined by the ADA, at all relevant times herein.

61. Plaintiff is a member of a protected class because of his disability and/or because he was regarded as being disabled, and because he complained about the discrimination he suffered.

62. Plaintiff engaged in protected activity under the ADA when he complained of disability discrimination.

63. Defendants took adverse employment action against Plaintiff in retaliation for this protected activity in violation of the ADA.

64. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

65. As further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

66. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants and award Plaintiff damages as proven at trial, including punitive damages, attorneys'

fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## COUNT III
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

67. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs

68. Defendants are employers under the ADEA.

69. Plaintiff is over 40 years old.

70. Plaintiff is a qualified individual as defined by the ADEA due to his age and/or Defendants' awareness of his age.

71. Defendants unlawfully and intentionally discriminated against Plaintiff based on his age and acted in bad faith by interfering with, recklessly disregarding, and denying his legal rights when they terminated Plaintiff's employment.

72. Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

73. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

74. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

75. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants and award Plaintiff damages as proven at trial, including punitive damages, attorneys'

fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADEA

76. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

77. Plaintiff is a qualified individual as defined by the ADEA due to his age and/or Defendants' awareness of his age.

78. Plaintiff is a member of a protected class because of his age and because he complained about the discrimination he suffered.

79. Plaintiff engaged in protected activity under the ADEA when he complained of discrimination based on his age.

80. Defendants took adverse employment action against Plaintiff in retaliation for this protected activity in violation of the ADEA.

81. As a direct and proximate result of Defendants' actions and/or omission, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

82. As further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental aguish and pain, and related compensatory damages.

83. By failing to take prompt and effective remedial actions, Defendants, in effect, condoned, ratified, and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants and award Plaintiff damages as proven at trial, including punitive damages, attorneys'

fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## COUNT V
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

84. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs

85. Defendants are employers under the Title VII.

86. Plaintiff is a gay male and does not conform to gender stereotypes.

87. Defendants unlawfully and intentionally discriminated against Plaintiff based on his sex, and acted in bad faith by interfering with, recklessly disregarding, and denying his legal rights when they terminated Plaintiff's employment.

88. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

89. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

90. As further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

91. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants and award Plaintiff damages as proven at trial, including punitive damages, attorneys'

fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF TITLE VII

92. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

93. Plaintiff is a gay man and does not conform to gender stereotypes.

94. Plaintiff is a member of a protected class.

95. Plaintiff engaged in protected activity under Title VII when he complained of sex discrimination.

96. Defendants took adverse employment action against Plaintiff in relation for this protected activity, in violation of Title VII.

97. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

98. As further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

99. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL**

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all matters set forth in this Complaint or arising therefrom, and, pursuant to D. Kan. Rule 40.2(a), requests such trial be held in Kansas City, Kansas.

Dated: May 27, 2021

By: /s/ Sarah C. Liesen
Sarah C. Liesen MO # 65331
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**